J-S16034-20

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| MARK ALLEN NICHOLS, | : | |
| | : | |
| Appellant | : | No. 2403 EDA 2019 |

Appeal from the PCRA Order Entered May 11, 2018
In the Court of Common Pleas of Northampton County Criminal Division
at No(s): CP-48-CR-0002279-2016,
CP-48-CR-0002291-2016, CP-48-CR-0003609-2016

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| MARK ALLEN NICHOLS, | : | |
| | : | |
| Appellant | : | No. 2524 EDA 2019 |

Appeal from the Order Entered May 11, 2018
in the Court of Common Pleas of Northampton County
Criminal Division at No(s): CP-48-CR-0003609-2016

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| MARK ALLEN NICHOLS, | : | |
| | : | |
| Appellant | : | No. 2526 EDA 2019 |

Appeal from the Order Entered May 11, 2018
in the Court of Common Pleas of Northampton County
Criminal Division at No(s):  CP-48-CR-0002279-2016

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| MARK ALLEN NICHOLS, | : | |
| | : | |
| Appellant | : | No. 2527 EDA 2019 |

Appeal from the Order Entered May 11, 2018
in the Court of Common Pleas of Northampton County
Criminal Division at No(s):  CP-48-CR-0002291-2016

BEFORE:  DUBOW, J., McLAUGHLIN, J., and MUSMANNO, J.

MEMORANDUM BY MUSMANNO, J.:                    Filed: June 25, 2020

Mark Allen Nichols ("Nichols") appeals, *nunc pro tunc*, from the denial of his first Petition filed pursuant to the Post Conviction Relief Act ("PCRA").[1] *See* 42 Pa.C.S.A. §§ 9541-9546.  We affirm.

In a prior appeal, this Court set forth the relevant history underlying this case as follows:

On January 30, 2017, [Nichols], represented by appointed counsel[,] Alexander Karam, Jr., Esq[uire], entered into a negotiated guilty plea on the above three dockets to two charges of possession with intent to deliver, one charge of persons not to

---

[1] Nichols improperly states that he appealed from the July 22, 2019 Order in which the PCRA court granted Nichols relief in order file a *nunc pro tunc* notice of appeal.  However, Nichols's appeal properly arises from the May 11, 2018 Order denying his first Petition.  *See generally Commonwealth v. Stock*, 679 A.2d 760, 764 (Pa. Super. 1996) (stating that "an appeal *nunc pro tunc* is intended as a remedy to vindicate the right to an appeal where that right has been lost due to certain extraordinary circumstances.").

possess firearms, one charge of accident involving damage, and one charge of driving while license suspended—DUI related. That same day, [Nichols] received a negotiated sentence of 54 to 108 months [in prison]. [Nichols] was colloquied during the guilty plea and at sentencing regarding the advice of counsel and the voluntariness of his plea. **See** Notes of Testimony, 1/30/17, at 1-12.

[Nichols] did not file a direct appeal, but on January 5, 2018, timely filed a *pro se* PCRA [P]etition asserting that plea counsel was ineffective. PCRA counsel filed an [A]mended [P]etition on [Nichols]'s behalf on April 3, 2018. Following hearings on April 6, 2018, and April 13, 2018, the PCRA court on May 11, 2018, entered an order denying relief[].

**Commonwealth v. Nichols**, 208 A.3d 1087, 1088 (Pa. Super. 2019).

However, on appeal from the denial of his first PCRA Petition, Nichols failed to comply with the mandates in **Commonwealth v. Walker** 185 A.3d 969 (Pa. 2018) and Pa.R.A.P. 341(a),[2] and this Court quashed Nichols's appeal on April 24, 2019. **See Nichols**, 208 A.3d at 1090 (quashing Nichols's previous appeal for failing to comply with **Walker**).

On September 13, 2018, while his first appeal was pending, Nichols filed a second *pro se* PCRA Petition claiming that appellate counsel was ineffective for failing to comply with **Walker**. On October 11, 2018, the PCRA court ordered that the second Petition be held in abeyance until the appeal was

---

[2] In **Walker**, our Supreme Court held that "where a single order resolves issues arising on more than one docket, separate notices of appeal must be filed for each case." **Walker**, 185 A.3d at 971. The Court concluded that "[t]he Official Note to Rule 341 provides a bright-line mandatory instruction to practitioners to file separate notices of appeal. … The failure to do so requires the appellate court to quash the appeal." **Id.** at 976-77.

resolved. After Nichols's first appeal was quashed, the PCRA court appointed new counsel and held an "Issue-framing Conference" related to the second Petition. Counsel subsequently filed a **Turner/Finley**[3] no-merit letter on July 5, 2019. On July 22, 2019, the PCRA court granted Nichols's second PCRA Petition and allowed him to file a notice of appeal of the denial of his first PCRA Petition, *nunc pro tunc*, within 20 days. The PCRA court specifically directed Nichols to file the *nunc pro tunc* appeal from the Order denying his first Petition, dated May 11, 2018.

Nichols, through appointed counsel, timely filed the instant, *nunc pro tunc*, appeal on August 7, 2019. However, Nichols appealed from the July 22, 2019, Order and included all three docket numbers in the same Notice of Appeal.[4] On August 22, 2019, Nichols, through counsel, then filed three separate, untimely, Notices of Appeal for each individual docket number. Nichols filed a court-ordered Concise Statement of Errors Complained of on Appeal pursuant to Pa.R.A.P. 1925(b) on September 11, 2019, but failed to serve the Concise Statement on the PCRA court. Nichols subsequently filed

---

[3] **Commonwealth v. Turner**, 544 A.2d 927 (Pa. 1988); and **Commonwealth v. Finley**, 550 A.2d 213 (Pa. Super. 1988) (*en banc*).

[4] The record appears to demonstrate that counsel for the instant appeal failed to comply with **Walker** and Pa.R.A.P. 341(a). However, we decline to quash on that basis in light of our disposition.

an "Application for Consolidation" at docket number 2403 EDA 2019 on December 19, 2019.

At docket number 2403 EDA 2019, this Court issued a Rule to show cause why Nichols's appeal should not be quashed in light of **Walker**. Additionally, this Court directed Nichols to show cause why his appeal should not be quashed, as Nichols is not an aggrieved party in the July 22, 2019 Order, which granted him *nunc pro tunc* relief.

At each of the remaining dockets, this Court issued individual Rules to show cause as to why Nichols's appeals should not be quashed for being untimely. Additionally, this Court directed Nichols to show cause why his appeal should not be quashed, as Nichols is not an aggrieved party in the July 22, 2019 Order, which granted him *nunc pro tunc* relief.

Nichols filed four responses, one response per docket, on January 7, 2020. This Court consolidated Nichols's appeals on January 21, 2020, and discharged the Rules to show cause.

In his Brief, Nichols raises the following issue for our review:

> 1. Whether the PCRA [c]ourt erred in denying the requested relief where ineffective assistance of counsel caused Nichols to enter an involuntary and unknowing plea?

Brief for Appellant at 4.[5]

---

[5] In his Concise Statement, Nichols raised the sole issue of "Ineffective Assistance of Counsel of the previous PCRA counsel by failing to file separate notice of appeal in accordance with Pa.R.A.P. 341 Note [*sic*]." **See**

As a prefatory matter, any petition for post-conviction relief is generally considered a PCRA petition if the relief sought is the kind available under the PCRA. **Commonwealth v. Peterkin**, 722 A.2d 638 (Pa. 1998); 42 Pa.C.S.A. 9542 (stating that the PCRA shall be the sole means of obtaining collateral relief and encompasses all other common law and statutory remedies for the same purpose).

Significantly,

Pennsylvania law makes clear the trial court has no jurisdiction to consider a subsequent PCRA petition while an appeal from the denial of the petitioner's prior PCRA petition in the same case is still pending on appeal. **Commonwealth v. Lark**, [] 746 A.2d 585, 588 ([Pa.] 2000). **See also Commonwealth v. Montgomery**, 181 A.3d 358, 364 (Pa. Super. 2018) (*en banc*), *appeal denied*, [] 190 A.3d 1134 ([Pa.] 2018) (reaffirming that **Lark** precludes consideration of subsequent PCRA petition while appeal of prior PCRA petition is still pending). A petitioner must choose either to appeal from the order denying his prior PCRA petition **or** to file a new PCRA petition; the petitioner cannot do both, *i.e.*, file an appeal and also file a PCRA petition, because "prevailing law requires that the subsequent petition must give way to a pending appeal from the order denying a prior petition." **Commonwealth v. Zeigler**, 148 A.3d 849, 852 (Pa. Super. 2016). In other words, a petitioner who files an appeal from an order denying his prior PCRA petition must withdraw the appeal before he can pursue a subsequent PCRA petition. **Id.** If the petitioner pursues the pending appeal, then the PCRA court is required under **Lark** to dismiss any subsequent PCRA petitions while that appeal is pending. **Lark, supra**.

Pennsylvania law also states unequivocally that no court has jurisdiction to place serial petitions in repose pending the outcome

---

**Commonwealth v. Dowling**, 778 A.2d 683, 686 (Pa. Super. 2001) (stating that any issues not included in the Concise Statement are waived). Based upon our disposition, we need not consider whether Nichols's claim is properly preserved for our review.

of an appeal in the same case. ***Id. See also Commonwealth v. Porter***, []35 A.3d 4, 12 ([Pa.] 2012) (stating that holding serial petitions in abeyance pending appeal in same case perverts PCRA timeliness requirements and invites unwarranted delay in resolving cases, as well as strategic litigation abuses).

***Commonwealth v. Beatty***, 207 A.3d 957, 961 (Pa. Super. 2019).

Instantly, Nichols filed a PCRA Petition on January 5, 2018, which the PCRA court denied on May 11, 2018. Nichols appealed to this Court on June 5, 2018. While his appeal was pending, Nichols, *pro se*, filed a second PCRA Petition alleging appellate counsel's ineffectiveness for failing to comply with the dictates of ***Walker*** and Pa.R.A.P. 341(a). Having no jurisdiction to consider Nichols's second Petition while his appeal regarding the first Petition was pending, the PCRA court should have dismissed the second PCRA Petition. ***See Lark, supra***. Instead, the PCRA court erred in initially ordering the Petition be held in abeyance until the appeal of the first Petition was resolved. ***See id.***

Under Pennsylvania law, Nichols had the option of either going forward with his appeal from the Order denying his first PCRA Petition or filing and pursuing the second PCRA Petition, but he could not do both. ***See Zeigler, supra***. As soon as Nichols pursued the appeal from the denial of his first Petition, the law required the PCRA court to dismiss any serial petitions filed during the pendency of that appeal. ***See Lark, supra***. The PCRA court had no jurisdiction to hold Nichols's second Petition in abeyance until Nichols's pending appeal concluded. ***See id.*** After improperly holding Nichols's second

in abeyance, the PCRA court was likewise without authority to grant Nichols *nunc pro tunc* relief.

Based upon the foregoing, we affirm the PCRA court's May 11, 2018 Order denying Nichols relief.

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 6/25/20